IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROGER D. SIMS,  PLAINTIFF
ADC # 121381

v.  5:14CV00324-JM-JJV

RAY HOBBS; *et al.*  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.    INTRODUCTION**

Roger D. Sims ("Plaintiff") is an inmate of the North Central Unit of the Arkansas Department of Corrections ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights. After careful review, the Court recommends that this action be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

Plaintiff brings this action alleging that Defendants violated his constitutional rights[1] by placing him in a prison unit designated 'medium' rather than 'maximum' security (Doc. No. 2 at 4). He further alleges that Defendant's failure to house him in a maximum security unit is a violation of ADC policy, and that he is a threat to the "security and good order" of the unit where he is currently housed. (*Id.*)

It is well settled that prison transfers are entirely within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768-769 (8th Cir. 1984). The decision of whether to transfer Plaintiff, and what level of security is appropriate to incarcerate him, necessarily falls within that discretion. There is no constitutional right to be housed at a particular type of prison. Further, Plaintiff's allegation that his current incarceration violates ADC policy also fails to state a viable claim, as such policy violations are not actionable under 42 U.S.C. § 1983. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

The Court does not doubt that Plaintiff sincerely believes that a maximum security unit would be a more appropriate form of incarceration for him. His placement, however, has been determined by prison administrators, and their decisions regarding facility management are to be accorded wide-ranging deference. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979). In the absence of

---

[1] Plaintiff alleges violations of his due process and Eighth Amendment rights (Doc. No. 2 at 4). He does not explain how Defendants' alleged failure to place him in a maximum security unit implicates those constitutional protections.

a constitutional or statutory violation, the Court finds it appropriate to dismiss this action.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted;

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[2];

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 3rd day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."